Filed 2/18/25  P. v. Jones CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ARTHUR RAY JONES,<br><br>    Defendant and Appellant. | F087829<br><br>(Super. Ct. No. 1099818)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT\***

APPEAL from a judgment of the Superior Court of Stanislaus County.  Shawn D. Bessey, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*Before Detjen, Acting P. J., Peña, J. and Smith, J.

**INTRODUCTION**

In 2006, a jury found defendant Arthur Ray Jones guilty of possession of a controlled substance (Health & Saf. Code, § 11350), and he was sentenced to a term of 25 years to life pursuant to the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(j), 1170.12, subds. (a)–(d)).

In February 2024, defendant filed a request for the court to recall his sentence on its own motion pursuant to Penal Code section 1172.1, subdivision (a)(3) in the interest of justice. On March 12, 2024, the court denied the request.

Defendant appeals from the court's order denying his request. On appeal, counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asking this court to review the record to determine whether there are any arguable issues on appeal. Our court sent defendant a letter notifying him counsel found no arguable issues, he had 30 days to file a supplemental letter or brief raising any arguable issues, and his failure to file a supplemental letter or brief could result in this court dismissing the appeal as abandoned. Defendant filed a supplemental brief.

After considering defendant's supplemental letter brief and independently reviewing the record, we affirm the court's postjudgment order.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2006, a jury found defendant guilty of possession of a controlled substance (Health & Saf. Code, § 11350), namely, heroin. The court found true three strike prior allegations and struck multiple prior prison enhancements (Pen. Code, § 667.5, former subd. (b)). The court denied defendant's motion to strike his strikes pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 and sentenced him to a term of 25 years to life pursuant to the Three Strikes law. Eight years later, in 2014, defendant filed a petition for relief pursuant to Penal Code section 1170.126 under Proposition 36, the Three Strikes Reform Act of 2012. The petition for relief was denied.

After the passage of Assembly Bill No. 600 (2023–2024 Reg. Sess.) defendant filed a motion with the court in February 2024 asking the court to recall his sentence on its own motion pursuant to Penal Code section 1172.1, subdivision (a)(3) in the interest of justice. He asked the court to apply any changes in the law that reduce sentences, including Senate Bill No. 1393 (2017–2018 Reg. Sess.). He also noted the passage of Proposition 47 and asserted that he received a Three Strikes sentence for possession of drugs.[1] He stated he is 75 years old now and in poor health. He asserted Penal Code section 1385 allows the court to strike a prior conviction because of "bad health" and where "continued incarceration" is "no longer in the interest of justice."

On March 12, 2024, the court issued a written order denying the request for resentencing. The court stated in part: "The authority to recall a sentence under [Penal Code] section 1172.1[, subdivision] (a)(1) is vested with the Court on its own motion, the Secretary of the CDCR [California Department of Corrections and Rehabilitation] or the Board of Parole hearings, the District Attorney or the Attorney General. [Section] 1172.1[, subdivision] (c) specifically states 'a defendant is not entitled to file a petition seeking relief from the court under this section."

## DISCUSSION

In *People v. Wende*, *supra*, 25 Cal.3d 436, the California Supreme Court held the Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal that "raises no specific issues or describes the appeal as

_____

[1]Relevant here, Proposition 47 amended Health and Safety Code section 11350. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.) Prior to that amendment, possession of the controlled substances designated in subdivision (a) of that section was a felony and possession of the controlled substances designated in subdivision (b) was a "wobbler." (Health & Saf. Code, former § 11350, subds. (a), (b); see *People v. Rivera*, at p. 1092.) As amended by Proposition 47, Health and Safety Code section 11350 now provides that a violation of that section is a misdemeanor, unless the defendant "'has one or more prior convictions'" for an offense specified in Penal Code section 667, subdivision (e)(2)(C)(iv) or for an offense that requires the defendant to register as a sex offender under Penal Code section 290, subdivision (c). (*Rivera*, at p. 1092.)

frivolous." (*Id.* at p. 441; see *Anders v. California* (1967) 386 U.S. 738, 744 (*Anders*).) "This procedure is applicable to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221, citing *Wende*, *supra*, at pp. 439, 441; accord, *Anders*, *supra*, at pp. 740, 744.)

In *Delgadillo*, the court held that the procedure provided for in *Wende/Anders* is not applicable to an appeal from a trial court's order denying a petition for postconviction relief under Penal Code section 1172.6. (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 222.) The *Delgadillo* court explained the *Wende/Anders* procedure did not apply because the denial of the defendant's section 1172.6 petition did not implicate the defendant's constitutional right to counsel (even if the defendant had a state-created right to the appointment of counsel for that appeal). (*Delgadillo*, at pp. 224, 226.) The *Delgadillo* court also rejected the argument that *Wende*-type procedures should apply as a matter of general due process principles requiring fundamental fairness. (*Delgadillo*, at pp. 228–229.) Nevertheless, the *Delgadillo* court held that "if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice." (*Id.* at p. 230.)

*Delgadillo* prescribed a specific framework on an appeal from the denial of a Penal Code section 1172.6 petition: "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition, and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.)

In this case, appellate counsel filed a brief pursuant to *Wende* from the denial of defendant's petition. The brief included counsel's declaration that defendant was advised

4.

he could file his own brief with this court.  This court sent defendant a notice stating that, pursuant to *Delgadillo*, the appeal may be dismissed as abandoned if he failed to submit a letter brief within 30 days.

Defendant filed a supplemental brief in which he asks our court to review the denial of his request for recall of sentence and resentencing.  He asserts he was charged with five prison priors within the meaning of Penal Code section 667.5, subdivision (b) and "[t]he court struck all the prison proirs [*sic*], prior to January 1, 2020.  On June 8, 2006 [defendant] was sentenced to 25 years to life."  Under a header that says "Persuant [*sic*] to Section 1172.75 of the Penal Code Requires a Full Resentencing," defendant asserts he is entitled to a full resentencing "in light of circumstances that have changed since his original sentencing."  He states, while incarcerated "he has not had any serious or violent rule violations, and he has involved himself in various rehabilitative self help programs," including: "WEllness [*sic*] and Recovery," "'ISDUT' treatment for Victim Impact]Criminal Thinking [Parenting]; 'Thinking For A Change.'"  He contends he has attended Narcotics Anonymous and Alcoholics Anonymous meetings and "express his remorse for his past criminal conduct."  He contends he is "78 years old and has been in prison over 20 years," more than "the base term for Health and Safety Code 11350 relatively a small amount of a control[l]ed substance heroin."  He asserts he is "clean and sober" and "in guarded health after suffering 3 strokes."  He also contends his chances for recidivism are very low to none and he will be in "continuing recovery so that he wil [*sic*] not return to using drugs."  Citing Assembly Bill No. 600, "he prays that the court wil [*sic*] use its' [*sic*] broad dicression [*sic*] on its' [*sic*] own motion" and remand his case for resentencing based on changes in statutory law, citing Senate Bill No. 483 (2021–2022 Reg. Sess.).

Penal Code section 1172.1, subdivision (a)(1) provides the court with discretion with regard to whether to grant recall and resentencing on its own motion when "the applicable sentencing laws at the time of original sentencing are subsequently changed by

5.

new statutory authority or case law." (See *People v. Carmony* (2004) 33 Cal.4th 367, 375 ["'Discretion is the power to make the decision, one way or the other'"].) Because a court's decision to recall and resentence on its own motion pursuant to section 1172.1, subdivision (a) is discretionary, its decision not to recall and resentence is reviewed for an abuse of discretion. (See *Carmony*, at p. 375 [concluding abuse of discretion standard applies to court's decision to strike a prior as well as decision *not* to strike a prior].) To establish an abuse of discretion, the defendant must establish the court "act[ed] while unaware of the scope of its discretion" (*People v. Tirado* (2022) 12 Cal.5th 688, 694), "considered impermissible factors" (*Carmony*, *supra*, at p. 378), or made a choice "so irrational or arbitrary that no reasonable person could agree with it" (*id.* at p. 377).

Here, defendant has not established the trial court's denial of his request for recall and resentencing amounted to an abuse of discretion, that is, that the court misunderstood the scope of its discretion, considered impermissible factors, or that its decision was otherwise irrational or arbitrary. (See *People v. Carmony*, *supra*, 33 Cal.4th at p. 376.) Rather, the court accurately stated in its order that "[t]he authority to recall a sentence under section 1172.1(a)(1) is vested with the Court on its own motion, the Secretary of the CDCR or the Board of Parole hearings, the District Attorney or the Attorney General. [Section] 1172.1(c) specifically states 'a defendant is not entitled to file a petition seeking relief from the court under this section.'" (See § 1172.1, subds. (a), (c).) Thus, it appears the court was aware of its discretion to resentence on its own motion pursuant to the statute, and we presume the court acted to achieve legitimate sentencing objectives in denying defendant's request for recall and resentencing. (See *People v. Carmony*, *supra*, at pp. 376–377.)

To the extent defendant's reference in his brief to Penal Code section 1172.75 suggests he believes he is entitled to relief under this statute, we disagree. Section 1172.75 (former § 1171.1) provides an avenue for relief for certain eligible defendants whose prison prior enhancements have been deemed invalid. Specifically, section

6.

1172.75, subdivision (a) provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [Penal Code] section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." But, here, no prison prior enhancements were imposed; so, Penal Code section 1172.75 does not apply to defendant.

Furthermore, after conducting an independent review of the record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The court's order is affirmed.